UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PROJECT VOTE,** *et al.* | : | Case No. 1:06 cv 1628 |
| | : | |
| Plaintiffs, | : | JUDGE KATHLEEN O'MALLEY |
| | : | |
| v. | : | |
| | : | |
| **J. KENNETH BLACKWELL,** *et al.* | : | ORDER |
| | : | |
| Defendants. | : | |
| | : | |

This matter arises on the *Motion of Plaintiffs for Partial Summary Judgment* (Doc. 57), in which Plaintiffs seek final judgment on Counts I, II, III, VI, VII and VIII of their Complaint (Doc. 1). Defendants have opposed Plaintiffs' motion (Doc. 58). Plaintiffs have not replied. For the reasons outlined briefly below, Plaintiffs' motion is **GRANTED**. Also before the Court is Plaintiffs' motion to voluntarily dismiss without prejudice their claims under Section 2 of the Voting Rights Act (Count IV) and for nominal damages (*see* Doc. 49), which is unopposed.[1] That motion is also **GRANTED**.

## I. BACKGROUND

The Court provides only a brief factual and procedural background.[2] Plaintiffs are various civic organizations, and their individual members, who wish to engage in voter registration activities

---

[1] Plaintiffs incorporated this motion into their opposition to Defendants' motion to dismiss. *See* Doc. 49 at p. 9. The Court did not previously rule on the motion because Defendants' motion to dismiss ultimately was termed as premature (Doc. 50). Though embedded within the briefing on the motion to dismiss, Plaintiffs' motion to voluntarily dismiss certain of its claims was not termed. Accordingly, the Court resolves it now.

[2] The Court incorporates by reference its oral ruling (Doc. 46) and subsequent written order (Doc. 45), which collectively serve as the Court's grant of a preliminary injunction in this case. Among other things, the Court's oral and written orders outline the background of this case in greater detail.

throughout Ohio. The current Defendants are Ohio Secretary of State Jennifer Brunner and Ohio Attorney General Marc Dann.[3]

On July 6, 2006, Plaintiffs filed an eight-count Complaint (Doc. 1) alleging that recent amendments to the Ohio Election Code unlawfully impact third-party voter registration efforts in Ohio and hinder low-income, minority and disabled citizens from registering to vote. Specifically, Plaintiffs challenge the validity of various portions of Ohio Revised Code §§ 3503.14, 3503.19, 3503.28, 3503.29 and 3599.11. These sections were codified in Title 35 (titled "Elections") of the Ohio Revised Code by what the parties refer to as "House Bill 3." In sum, Plaintiffs claim that House Bill 3's modifications and/or additions to the Ohio Election Code, and the implementing regulations enacted by the Ohio Secretary of State, violate the First and Fourteenth Amendments to the United States Constitution. They further claim that these items violate the Voting Rights Act ("VRA") and the National Voter Registration Act of 1993 ("NVRA").

One week later, Plaintiffs filed a motion for preliminary injunction (Doc. 3) seeking to enjoin Defendants from enforcing any of the challenged legislation and regulations. Defendants opposed Plaintiffs' motion arguing that, among other things, Plaintiffs failed to show that the legislation and

---

[3] Defendants Brunner and Dann entered this case *via* substitution for now-former Defendants J. Kenneth Blackwell (former Ohio Secretary of State) and Jim Petro (former Ohio Attorney General). *See* Court's July 17, 2007 order. This case also previously included Defendants William D. Mason (Cuyahoga County Prosecutor) and Sherri Bevan Walsh (Summit County Prosecutor). By agreement of the parties, Plaintiffs' claims against those Defendants were dismissed without prejudice. *See* Doc. 56 and this Court's August 1, 2007 order.

regulations unduly burden any protected First Amendment right (Doc. 18).[4] Plaintiffs replied (Doc. 26) by essentially restating the positions asserted in their Complaint and motion. Shortly thereafter, all parties filed voluminous evidentiary materials in support of their respective positions. *See* Docs. 28-43. The Court then met with the parties and scheduled a hearing on Plaintiffs' motion.

On September 1, 2006, the Court conducted a preliminary injunction hearing. The parties presented oral arguments with substantial interaction by the Court; they did not present additional evidence. Given the approaching general election, and the Boards of Elections' stated need for relatively immediate guidance (*see* Doc. 46 at p. 78), the Court agreed that the circumstances necessitated an expedited ruling. Following the parties' presentations, therefore, the Court took a 2 1/2 hour recess to review the record and consider its ruling. The Court then reconvened the hearing and delivered a lengthy oral ruling in which it granted a preliminary injunction to Plaintiffs. *See* Doc. 46 at pp. 80-103. As the hearing transcript reflects, the Court attempted orally to address most, if not all, of the many issues the parties had presented; as to each, the Court provided a reasoned explanation for its conclusions and attempted to provide adequate guidance to the parties and the boards of election around the state with regard to their activities in the then-immediate future. One week later, the Court issued a 24-page written order, which memorialized and supplemented the Court's oral ruling. *See* Doc. 45.[5]

---

[4] With the exception of then-Defendant William D. Mason, Defendants simultaneously (*i.e.*, as part of their opposition papers) moved to dismiss Plaintiffs' Compliant. *See* Doc. 18. Briefing on the motion to dismiss proceeded separately. *See* Doc. 49.

[5] The Court specifically noted that its written order (Doc. 45) is to be read in conjunction with the Court's oral ruling at the September 1, 2006 preliminary injunction hearing. The Court reiterates that directive here.

3

In the months that followed, the Court conducted two status conferences with the parties (*see* Docs. 50 and 52). Based on the parties' then-current belief that a resolution could be reached short of continued litigation, the Court referred the parties to mediation (*see* Doc. 52). In mid-June 2007, however, the parties determined that mediation would not be fruitful (*see* Doc. 54) and that the case should proceed toward a judicial resolution. Several weeks later, Plaintiffs filed the instant motion for partial summary judgment.[6]

## II. DISCUSSION

While the parties could not reach a settlement, or otherwise agree upon a consent judgment, it was clear to the Court almost immediately following the preliminary injunction proceedings that they did not intend *aggressively* to litigate this case beyond their preliminary injunction-related submissions. As outlined below, the curt briefing on the instant motion demonstrates the parties' joint desire simply to advance the bulk of these proceedings to a final judgment based on the record developed for the preliminary injunction hearing. Because the current record is the very same record upon which the Court reached its prior reasoned conclusions, the Court's prior orders are particularly relevant here.

### B. Plaintiffs Are Entitled To Summary Judgment

The briefing on Plaintiffs' motion presents <u>absolutely nothing new</u> for the Court's consideration. The briefs simply incorporate the evidence and arguments presented in the parties' prior briefs.[7] In

---

[6] As a reminder to the parties in the event a settlement could not be reached, the Court noted in the minutes to its February 27, 2007 status conference that "[t]he constitutional issues remain pending in this case until such time as a settlement is reached and a consent judgment entered into, <u>or the merits are otherwise subject to a final judgment</u>." Doc. 52 at p. 2 (emphasis added).

[7] From Defendants' perspective, this also includes the arguments made in their motion to dismiss (Doc. 18), even though that motion was termed but never re-filed.

4

total, Plaintiffs' brief is one and one-half pages long. While it provides a short background section and a detailed request for relief, the "support" for the motion is limited to the following:

> In support of their Motion, Plaintiffs hereby incorporate and adopt their Memorandum in Support of Application for Preliminary Injunction and their evidence file din support thereof.

Doc. 57. Defendants' opposition is similarly brief. Their opposition is two sentences and states, in its entirety, the following:

> In opposing the Plaintiffs' motion for a preliminary injunction, the Defendants submitted a substantial amount of evidence to support the rationale behind H.B. 3's limitations on certain types of voter registration activities. The Defendants incorporate by reference and adopt their memorandum in opposition to the Plaintiffs' application for a preliminary injunction, their motion to dismiss, and their evidence filed in support of their previous arguments.

Doc. 58.[8] These briefs clearly verify the Court's prior understanding that the parties' collective intention is to move toward a final judgment on the previously-established record.

Nothing has been presented, therefore, to upset the Court's prior reasoned conclusion that Plaintiffs enjoy a likelihood of success as to Counts I, II, III, VI, VII and VIII. Because the parties have presented nothing new for the Court to consider, except for the minor exception briefly addressed below, there is no need to elaborate on the Court's prior analyses. Having again reviewed the parties' voluminous filings relative to the motion for preliminary injunction and Court's lengthy oral and written orders (Docs. 45 and 46) in connection therewith, and in light of the parties' failure to present the Court

---

[8] Of note, Defendants summarize their prior arguments as having established a rational basis for House Bill 3's restrictions – *i.e.*, focusing on whether the legislation satisfies that level of constitutional scrutiny, and only that level of scrutiny. Defendants do not include in their summary either an argument that Plaintiffs' voter registration activities do not even implicate the First Amendment, or that the provisions of House Bill 3 might satisfy some higher level of scrutiny.

5

with any new evidence or argument that would invite additional consideration of the issues presented (or that is responsive to the Court's previously-articulated preliminary injunction findings), the Court finds that Plaintiffs' motion for partial summary judgment (Doc. 57) should be granted for the same reasons that Plaintiffs' motion for preliminary injunction was granted.

> A.  **The Court Again Rejects Any Argument That Voter Registration Activities Do Not Implicate First Amendment Interests.**

One issue arguably warrants *brief* attention. As a threshold matter, though they do not highlight it here, and, indeed, appear to have abandoned the argument, Defendants contended at the beginning of this case that voter registration activities designed to register third-parties to vote in the State of Ohio do not implicate any First Amendment interest. In other words, Defendants argued that the primary constitutional inquiry is not the extent to which House Bill 3 burdens third-party registration activities (*i.e.*, whether the restrictions satisfy a given level of constitutional scrutiny), but whether those registration activities implicate constitutional protections in the first place (particularly *via* the First Amendment).[9] The Court rejected this argument in both its oral and written orders, but did so without a thorough analysis of the issue due to the parties' desire for an expedited ruling. *See* Doc. 45 at p. 9, fn, 5. Instead, the Court cited some relevant case law, but reserved further analysis for its resolution of Defendants' motion to dismiss, which, at the time, was pending. *Id.* As noted, however, Defendants did not reassert that motion. Technically, therefore, the Court's anticipated opportunity to address the issue in greater detail never came to fruition. For the following reasons, a comprehensive analysis

---

[9]  Though it is clear to the Court that Defendants understand the distinction between these two arguments, Defendants' earlier brief blurs the distinction (Doc. 18) by intermingling arguments about the "burdens" imposed by the challenged legislation with the pure legal question of whether voter registration activities qualify as expressive and/or associational conduct protected by the First Amendment.

remains unnecessary.

In their motion to dismiss, which was filed jointly with their opposition to the preliminary injunction motion, Defendants cited only two cases for the broad proposition that the First Amendment does not protect voter registration activities, both of which are distinguishable. Thereafter, Plaintiffs separately (and at different times) filed two responsive briefs: (1) a reply in support of their preliminary injunction motion (Doc. 26); and (2) an opposition to Defendants' motion to dismiss (Doc. 45).[10] In both briefs, Plaintiffs cited numerous authorities for the proposition that the right to vote, which is protected by the First and Fourteenth Amendments as a "fundamental right," extends to all phases of the voting process, including registration activity. *See* Doc. 26 at p. 3; Doc. 49 at p. 4. As to their motion to dismiss, which raised this issue in the first instance, Defendants chose not to file a reply brief.[11] As such, they failed to rebut any of the responsive arguments and/or authorities cited by Plaintiffs and the Court (*i.e.*, the reply deadline expired over two months after the Court's oral and written orders) on this issue.

For this reason alone, the Court is not inclined to articulate, research and analyze an issue the Defendants seemingly have abandoned. Earlier, Defendants chose (1) not to brief this issue completely, and (2) though expressly entitled to do so, not to reassert their motion to dismiss. Of course, the Court

---

[10] Plaintiffs' opposition brief post-dated the Court's resolution of the preliminary injunction motion. The Court did not have the benefit, therefore, of the additional arguments and authorities in that brief when ruling on the preliminary injunction motion. Obviously, those arguments and authorities are now available and relevant to the instant proceedings.

[11] The Court termed Defendants motion *after* the time for complete briefing had expired. The Court's termination order, therefore, did not prevent Defendants from providing additional argument and authority on this issue. Defendants voluntarily elected not to pursue the debate.

reasonably assumed both would occur when it promised to address the issue in greater detail in the future – *i.e.*, when resolving the motion to dismiss. Further, in connection with the instant motion, Defendants again have elected not to substantively address this issue. They simply have incorporated the arguments from their "termed" motion to dismiss (and opposition brief), which, as outlined above, cited only minimal case law and failed to follow through with a reply brief despite substantial opposition by Plaintiffs and articulated disagreement by the Court in its prior orders.

As it did before previously rejecting Defendants' argument that no First Amendment interest is implicated here, the Court again has reviewed the relevant case law and again reaches the conclusion that the Defendants are wrong on this point. To the extent it is even an issue properly before the Court for consideration, because Defendants have given the Court no meaningful reason (or assistance) to engage in a comprehensive analysis of this issue, the Court finds such an analysis unnecessary.

## III. CONCLUSION

For the foregoing reasons, the *Motion of Plaintiffs for Partial Summary Judgment* (Doc. 57) is well-taken and is **GRANTED**. In a separate order, the Court will enter judgment in favor of Plaintiffs and against Defendants on Counts I, II, III, VI, VII and VIII of the Complaint (Doc. 1). Plaintiffs' unopposed motion to voluntarily dismiss without prejudice their claims under Section 2 of the Voting Rights Act (Count IV) and for nominal damages (Doc. 49) is likewise **GRANTED**.[12]

A **STATUS CONFERENCE** is hereby **SET** for **Tuesday, March 18, 2008**, **at 1:00 p.m.**, at which the Court will address how this case will proceed, if at all. No later than three (3) business days before the Status Conference, the parties shall submit a Joint Position Statement identifying their

---

[12] The only remaining count is Count V, which alleges a violation of the National Voter Registration Act of 1993.

respective positions as to how this case should proceed. In the event Plaintiffs intend to dismiss the only remaining count (*i.e.*, Count V), Plaintiffs shall advise the Court of that fact as soon as possible.

**IT IS SO ORDERED.**

                                          **s/Kathleen M. O'Malley**
                                          **KATHLEEN McDONALD O'MALLEY**
                                          **UNITED STATES DISTRICT JUDGE**

**Dated: February 11, 2008**