**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PROJECT VOTE,** *et al.* | : | **Case No. 1:06 cv 1628** |
| | : | |
| **Plaintiffs,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | |
| **J. KENNETH BLACKWELL,** *et al.* | : | **PARTIAL FINAL JUDGMENT** |
| | : | |
| **Defendants.** | : | **(Counts I, II, III, VI, VII and VIII)** |
| | : | |

In a separate order of this date, the Court **GRANTED** the *Motion of Plaintiffs for Partial Summary Judgment* (Doc. 57).  In accordance with that order, the Court hereby enters **JUDGMENT** in favor of Plaintiffs and against Defendants on Counts I, II, III, VI, VII and VIII of the Complaint.[1]

The Court hereby **DECLARES** that the challenged provisions of Ohio Revised Code, as well as their accompanying regulations and administrative practices, violate the First and Fourteenth Amendments to the United States Constitution (Counts I, II, III, VII and VIII); **FURTHER**, the Court **DECLARES** that they violate the National Voter Registration Act of 1993 (Count VI) in that they impede the purpose and intent of that statute.  Those provisions, regulations and practices are unenforceable.

Defendants, as well as their officers, agents, servants, employees, attorneys and all those in active concert and participation with them, are hereby **PERMANENTLY ENJOINED** from enforcing,

---

[1]    In its separate order, the Court granted Plaintiffs' motion to voluntarily dismiss Count IV, which alleges a violation of Section 2 of the Voting Rights Act.  All that remains, therefore, is Count V, which alleges a violation of the National Voter Registration Act of 1993.

seeking to enforce, threatening to enforce or otherwise invoking with an expressed intention to enforce those provisions of the Ohio Revised Code, as well as all administrative regulations and practices enforcing or interpreting said provisions, that require individuals assisting applicants to register to vote:

(1)     to comply with the pre-registration, training and affirmation requirements of OHIO REV. CODE §§ 3503.28 and 3503.29;

(2)     to return completed forms directly to any board of elections or the office of the Secretary of State, rather than entrusting those forms to a third-party for deliver to the appropriate government offices (*i.e.*, the "Direct Return" requirement) pursuant to OHIO REV. CODE § 3503.19(B)(2)(c) and § 3599.11(B)(2)(b) and (C)(2); and

(3)     to provide their name, signature, address and employer on the voter registration form of each individual they assist (*i.e.*, the "Compelled Disclosure" requirement) pursuant to OHIO REV. CODE § 3503.14(A), (B), (D) and (E).[2]

**IT IS SO ORDERED.**

**s/Kathleen M. O'Malley**
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: February 11, 2008**

---

[2]     To the extent the Court's previously-entered preliminary injunction order (Doc. 45) contains additional restrictions and/or directions that remain relevant going forward (*i.e.*, certain of them arguably related only to the then-upcoming election activities), those restrictions and/or directions are incorporated into this judgment entry.  Accordingly, they are now permanent.

2